UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

TERRY PEPPERS,

       *Defendant.*

Crim. No. 06-614 (KSH)

**OPINION & ORDER**

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the court as a result of defendant Peppers' Fed. R. Civ. P. 60(b)(6) motion [D.E. 24] seeking relief from the Court's Order of July 30th, 2008 [D.E. 23].

In March of 2008, Peppers wrote a letter to the Court inquiring about the Court's decisions in *United States v. Sutton*, No. 07-426, 2007 U.S. Dist. LEXIS 79518 (D.N.J. Oct. 26, 2007), and *United States v. Ortiz*, No. 06-858, 2007 U.S. Dist. LEXIS 87055 (D.N.J. Nov. 27, 2007) which granted downward sentence variances based on pretrial confinement conditions at the Passaic County Jail. Peppers' letter was brief, and in substance stated:

> I am writing with regard to this article I read in the Star-Ledger about Passaic County Jail[.] I was there 3 and a half years[.] I am just curious to know am I eligible for any of those down-ward departure[s]? I ask Mr. Kayser [but] he never respond back to me[.] I'll appreciate you taking the time out of your busy schedule to read my letter.

[D.E. 22.]

The Court responded to Peppers' letter by Order of July 30, 2008. The Order informed Peppers that the Court lacked jurisdiction to grant any relief sought by the letter, which it liberally construed as an informal application for sentencing relief. [D.E. 23.] The Order

1

explained that pursuant to Fed. R. Crim. P. 35(a), a sentence may only be corrected or reduced within 7 days of being handed down by the court and because Peppers' letter fell outside of the 7 day period, relief could "only come by way of the appropriate appeals and/or post-conviction relief process." [*Id.*] Additionally, the Court noted that "[t]here are strict rules governing the timing and substance of a direct appeal or post-conviction petition, and the Court does not comment upon the availability of either to defendant or the likelihood of success." [*Id.*]

In response, on June 14, 2011, almost 2 years after the Court's Order, Peppers' filed the present Fed. R. Civ. P. 60(b)(6) motion seeking relief from the 2008 Order on grounds that the Court improperly recharacterized his letter as a Rule 35(a) motion without giving him notice of its intent to do so, which "deprived [him] of the right to withdraw or amend" the letter and pursue a § 2255 habeas corpus petition. [D.E. 24.] Thus, Peppers argues that he is entitled to relief from the Order under Rule 60(b)(6) because in light of the Court's Order he did not file a § 2255 motion, and the fact that such a motion is now time barred is a "reason that justifies relief." To make this argument, Peppers relies on *United States v. Miller,* 197 F.3d 644 (3d Cir. 1999), and *Castro v. United States,* 540 U.S. 375 (2003), which broadly stand for the principle that a district court must notify a *pro se* prisoner before recharacterizing a post-conviction petition as a § 2255 motion. Peppers' reliance on these cases is misplaced.

"'[F]ederal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework.'" *Miller,* 197 F.3d at 648 (quoting *United States v. Jordan,* 915 F.2d 622, 624–25 (11th Cir. 1990)). As a result, district courts have routinely recharacterized prisoner's post-conviction motions in an effort to reach the merits of their claims. *Id.* at 648. In *Miller,* the Third Circuit concluded that because successive §2255

motions are generally barred by the Antiterrorism Effective Death Penalty Act (AEDPA), "district courts should discontinue their practice of automatically treating *pro se*, post-conviction motions as § 2255 motions." *Id.* at 652. The Third Circuit held that upon receipt of a *pro se* pleading challenging an inmate's conviction or incarceration, the district court should issue a notice informing the petitioner of the effect of his pleadings; specifically that the motion, (1) can be recharacterized as a § 2255 motion which will bar successive petitions without certification from the court of appeals, or (2) be withdrawn so that an all-inclusive § 2255 motion may be filed. *Id.*

In 2003, the Supreme Court addressed the recharacterization and notice practice adopted by numerous circuit courts, including the Third Circuit *Miller* Notice jurisprudence, and held that district courts have the power to recharacterize *pro se* motions, but that power is limited when a court recharacterizes a *pro se* litigant's motion as a §2255 motion. *Castro,* 540 U.S. at 792. "In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second and successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the §2255 claims he believes he has." *Id.*

This precedent is simply inapplicable here. Peppers' letter, even when construed liberally, cannot be said to be a motion for relief, let alone a § 2255 petition. In *United States v. Delgado,* a *pro se* petitioner wrote a letter to the district court that indicated a specific and "present intention to seek § 2255 relief." 363 Fed. App'x 853, 856 (3d Cir. 2010). The letter stated: "On my behalf I would like to file a § 2255 on [counsel] for insufficient assistance of counsel for his failure to represent me to the best of his ability and for withholding information from me as well

as lying to me." *Id.* at 854. The Third Circuit held that in light of the petitioner's clear intent, the court's failure to construe the letter as a § 2255 motion was improper and the *Miller* Notice provision should have been triggered. *Id.* at 856. The language of the letter in *Delgado* is in stark contrast to Peppers' letter, which states only that he is "curious to know" if he may be entitled to a downward variance in his sentence. [D.E. 22.] As the Supreme Court has emphasized, "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford,* 542 U.S. 225, 226 (2005).

> Explaining the details of federal habeas procedure and calculating statutes of limitations are tasks normally and properly performed by trained counsel. Requiring district courts to advise *pro se* litigants in such a manner would undermine district judges' role as impartial decisionmakers.

*Id.* Thus, the Court was under no obligation to explain to Peppers whether he could file a § 2255 habeas petition or when such filing had to take place. In fact, the Court was not required to respond to Peppers' letter at all because it was not a proper motion, nor could it be construed as one.

Additionally, even if Peppers' letter could be construed as a motion for relief, the Court was not required to give *Miller* notice because it did not recharacterize Peppers' letter as a § 2255 motion. The Court's decision to issue an Order explaining why Peppers' letter was deficient as a means of seeking post-conviction relief did not deprive Peppers of his right to file a proper § 2255 motion or implicate the AEDPA. The Order expressly advised that relief could "only come by way of the appropriate appeals and/or post-conviction relief process" and that "[t]here are strict rules governing the timing and substance" of that process. [D.E. 23.]

Good cause appearing,

**IT IS** on this 11th day of December, 2011,

**ORDERED** that defendant Peppers' motion for relief pursuant to Rule 60(b)(6) is **denied**.

/s/ Katharine S. Hayden  
Katharine S. Hayden, U.S.D.J.